The jurisprudence of the Supreme Court of the United States on this subject-matter was followed in the case of State ex rel. Hope & Co. v. Board of Liquidation, 42 La. Ann. 658, 7 South. 710, where the court said:

"That whenever, by the Constitution and law of a state, officers of the executive branch of the government are vested with *discretionary* functions, in the performance of civil duties, or *political* powers and responsibilities are devolved upon them, they are not answerable to judicial process, but that their acts are only examinable politically."

In State v. Mayor, etc., of Village of Dodson, 123 La. 905, 49 South. 640, this court refused to interfere in the matter of the fixing of an alleged starvation salary for the marshal by the board of aldermen, saying:

"Under the circumstances disclosed by the record, the courts of the state are without constitutional power or authority to interfere in the matter and to substitute their judgment and discretion in lieu of the judgment and discretion of the body to which it has been constitutionally and legally confided."

Section 11 of Act No. 136 of 1898 has not been assailed as unconstitutional, and, as it vests in the Governor the power to inquire into the facts and to determine their sufficiency, the cases cited by the plaintiff, holding that executive officers were bound to accept and act on statutory petitions, when presented to them, have no application.

In so far as the petition of the relator seeks to annul the ordinances extending the limits of the village of Gretna, the exception of no cause of action should have been sustained. The relator has neither official nor private interest in the question, and, if he has, has not pursued the remedy prescribed by sections 3 to 6 of Act No. 136 of 1898.

It is therefore ordered that the judgment below be annulled, avoided, and reversed, and it is now ordered that plaintiff's demands be rejected, and this suit be dismissed with costs.

---

(65 South. 873)

No. 20417.

ABELL v. ABELL.

(June 8, 1914. Rehearing Denied June 29, 1914.)

*(Syllabus by the Court.)*

HUSBAND AND WIFE (§ 285½*)—ACTION FOR SEPARATION—PUBLIC DEFAMATION.

A vague and indefinite remark of the wife as to the conduct of the husband will not support a charge of public defamation.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1074; Dec. Dig. § 285½.*]

Appeal from Seventh Judicial District Court, Parish of Richland; John R. McIntosh, Judge.

Action by Hazel Vivian Abell against Archie A. Abell for separation from bed and board, and defendant, reconvening, prays for like relief. Judgment of nonsuit against both parties, and defendant appeals. Affirmed.

Ellis & Ellis, of Amite City, for appellant. E. P. Norman, of Rayville, for appellee.

LAND, J. Plaintiff sued for a separation from bed and board on the ground of habitual intemperance on the part of the defendant husband, of such a nature as to render their living together insupportable.

Defendant, for answer, after admitting the fact of marriage, specially denied all other allegations of the petition; and, reconvening, prayed for a decree of separation from bed and board on the ground that the plaintiff had publicly defamed him, and had been guilty of such outrages that it was not reasonably possible for them to live together any longer.

The case was tried, and there was judgment of nonsuit against both parties. The defendant has appealed.

The evidence in behalf of the defendant's reconventional demand consists of the testimony of a single witness, a roommate of the defendant, to the effect that the plaintiff charged both of them "with having been to

negro town that night," which was not a fact.

We agree with our learned brother below that such evidence is too vague and uncertain to justify a decree of separation from bed and board.

Judgment affirmed.